**Michael GARRISON, Plaintiff–Appellant,**

v.

**Sergeant WALTERS, et al., Defendants–Appellees.**

**No. 00–1662.**

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2001.

330

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.[*]

### ORDER

Michael Garrison, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief (including compensation for emotional distress), Garrison sued a sergeant (Walters) employed at the Michigan Training Unit, a lieutenant (Evans), and two unknown "Red Tag" officers. Garrison sued the defendants in their individual capacities. Garrison claimed that: 1) the defendants violated his rights against cruel and unusual punishment when they destroyed his photo album which contained pictures of deceased family members; 2) the defendants deprived

[*] The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

him of his property (the photo album) in violation of his due process rights; 3) the defendants violated his equal protection rights when they singled him out for harsher treatment than similarly situated inmates; 4) Walters retaliated against Garrison because Garrison threatened to file a grievance against Walters for forcing Garrison to remove alleged contraband from his photo album; and 5) the defendants committed the state law violations of conversion and intentional infliction of emotional distress.

Upon review, the district court concluded that Garrison had not exhausted his administrative remedies with respect to his retaliation claim. Hence, it dismissed the claim without prejudice. The court dismissed Garrison's remaining claims for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A, and it declined to exercise supplemental jurisdiction over his state law claims. Garrison has filed a timely appeal, essentially reasserting his claims.

### I.

■ Upon review, we conclude that the district court properly dismissed Garrison's retaliation claim. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir. 1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Although money damages may not be available through the prison grievance process, Garrison must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, ——, 149 L.Ed.2d 958, 2001 WL 567712, at *5 (May 29, 2001). To establish that he has exhausted his administrative remedies prior

to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000).

■ Although Garrison filed a grievance concerning the destruction of his photo album, he did not state any facts that would have indicated that he was grieving Walters's alleged retaliatory conduct. Indeed, Garrison did not even mention Walters in the grievance. Moreover, at both the Step II and Step III levels of the grievance process, Garrison complained that Walters had improperly confiscated his photo album, but he did not state any facts that would have indicated that he was grieving Walters's alleged retaliatory conduct.

### II.

The district court properly dismissed Garrison's due process, Eighth Amendment, and equal protection claims for failure to state a claim upon which relief may be granted. This court renders de novo review of a district court's dismissal of a complaint under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ Garrison failed to state an Eighth Amendment claim. The Prison Litigation Reform Act requires a prior showing of physical injury before a prisoner may bring a claim for emotional or mental damages. 42 U.S.C. § 1997e(e). This requirement applies to Eighth Amendment claims. *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir.2001). However, Garrison neither alleged nor made a showing of a physical injury concerning his Eighth Amendment claim.

■ Garrison also failed to state a due process claim. First, the district court properly concluded that Garrison's allegations involve procedural due process rights, and that he did not state a claim upon which relief could be granted. Garrison's claim that the defendants deprived him of his photo album does not involve official misconduct which, although not infringing on a fundamental right, is so literally "conscience shocking," hence oppressive, as to rise to the level of a substantive due process violation. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir.1996). Second, to the extent that Garrison claimed either an intentional or negligent deprivation of a property interest, he has failed to state a claim because a negligent or intentional deprivation of property is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In cases involving an intentional deprivation of property, a plaintiff may not bring a § 1983 suit claiming a denial of procedural due process if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to intentional property deprivations). Garrison did not plead and prove that state remedies for redressing the alleged wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999), *cert. denied*, 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000). If an official fails to follow state procedure or conform his conduct to state law, the plaintiff's injury is the result of a random and unauthorized act which the state was unable to foresee and thus prevent. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir.1995). Under these circumstances, no procedural due process violation occurs as the deprivation is the result of a random and unauthorized act, unless the state fails to provide the plaintiff with an adequate post-deprivation remedy. *See Parratt*, 451 U.S. at 543, 101 S.Ct. 1908.

■ In addition, Garrison failed to state an equal protection claim because prisoners are not members of a protected class. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997).

### III.

Finally, contrary to Garrison's argument on appeal, the district court properly declined to exercise its supplemental jurisdiction over Garrison's state law claims against the defendants once it dismissed his federal claims. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 802–03 (6th Cir. 1996).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.