Donald **CUDEJKO,** Plaintiff–Appellant,

v.

David I. **GOLDSTEIN,** Defendant–Appellee.

No. 01–1400.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before NELSON, CLAY, and GARWOOD,* Circuit Judges.

## ORDER

Donald Cudejko appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cudejko sued David Goldstein, the private attorney who represented him in a state court criminal proceeding that resulted in his conviction for domestic violence. The district court concluded that Cudejko had failed to state a claim and dismissed the case. Cudejko has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Cudejko's case because it failed to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.* A fee paid complaint may be dismissed sua sponte if the plaintiff's allegations are so attenuated as to divest the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999), *cert. denied*, 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000).

Cudejko's § 1983 claim against his private attorney fails to state a claim. In his complaint, Cudejko alleges that his attorney violated his constitutional rights by rendering ineffective assistance during the state court criminal proceedings. In order to establish liability under § 1983, the plaintiff must show that the defendant deprived him of a federal right while acting under color of state law. *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir.1999), *cert. denied*, 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000). Private attorneys are not considered to be state actors for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Consequently, Cudejko's allegations were so attenuated as to divest the court of jurisdiction. *Apple*, 183 F.3d at 479.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.