Ulysses S. DAVIS, III, Plaintiff–
Appellant,

v.

William Jefferson CLINTON,
et al.; Defendants,

Carol T. Williams; Susan N. Williams;
Steve Bail; Ruth Byrd; Tim O'Dell;
Kelley Cunningham, II; Ce Ce Harri-
son; Melvin White; David Melton;
Officer Speaks; James Miller, Defen-
dants–Appellees.

No. 02–6323.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before: KEITH, COLE, and COOK, Circuit Judges.

*ORDER*

Ulysses S. Davis, III, proceeding pro se, appeals a district court judgment dismiss-

ing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Davis sued over sixty defendants, including former United States President (Clinton), former Vice President (Gore), the Attorney General, the Governor and Lieutenant Governors of Kentucky, and numerous prison officials employed at three separate facilities where Davis has been incarcerated (the Luther Luckett Correctional Complex (LLCC), the Green River Correctional Complex (GRCC), and the Kentucky State Prison (KSP)). The defendants were sued in their official and individual capacities. Davis, who is currently housed at the LLCC, filed a twenty-nine page complaint, in which he alleged that the defendants have violated his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. Essentially, Davis claimed that: 1) the defendants violated his right to freely exercise his religion by denying him properly prepared and handled Halal meals; 2) the defendants violated his right to freely exercise his religion by forcing him to wear prison garb as opposed to his religious clothing, and by denying Muslim's fairly allocated funding for Muslim "objectives and goals," and by preventing Muslims from funding their own programs; 3) the defendants discriminated against him based on his race (African–American) and religious beliefs by providing better meals and treatment to white inmates (both Jewish and Catholics), and by denying him various prison jobs; 4) the defendants lost, destroyed, or stole various items of his personal property; 5) the defendants interfered with his mail by not delivering it;

and 6) the defendants retaliated against him for filing grievances and complaining about his treatment by frequently transferring him between facilities, by engaging in the above mentioned conduct, and by convicting him of "bogus" misconduct charges.

Upon initial review, the district court concluded that Davis did not establish that former President Clinton, former Vice President Gore, the Attorney General, the Governor or Lieutenant Governor of Kentucky were personally involved in the alleged violations or that they had condoned the alleged violations. The court also concluded that Davis did not state a claim with regards to prison attire, his failure to obtain certain prison jobs, or the loss of his personal property. Hence, the court dismissed these claims and the defendants associated with the claims. The court ruled that the action could proceed with respect to Davis's claims concerning his religious diet and the alleged religious discrimination. The court did not specifically address Davis's retaliation and mail interference claims. Subsequently, the district court dismissed Davis's remaining claims against the defendants to the extent that Davis sued them in their official capacities, dismissed his "religious meal" claim because Davis did not exhaust his administrative remedies concerning that claim, and dismissed his religious discrimination claim as barred by Kentucky's one-year statute of limitations.

Davis has filed a timely appeal, essentially reasserting his claims. He also argues that the district court improperly denied his request for the appointment of counsel.

Initially, we note that Davis has waived appellate review of his claims that he was convicted of bogus misconduct charges in retaliation for seeking redress from improper treatment and that the defendants interfered with his mail. This is so because he has not reasserted these claims on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

In addition, the district court did not err by denying Davis's request for counsel because a review of the complaint reflects that he failed to state a claim for which relief can be granted. As such, there are no exceptional circumstances to justify the appointment of counsel in this civil action. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993).

The district court properly dismissed Davis's complaint for a number of reasons. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation and Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether Davis's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Davis undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

The district court properly dismissed Davis's claims against former President Clinton, former Vice President Gore, the Attorney General, and the Governor and Lieutenant Governors of Kentucky because he did not allege any facts indicating that these defendants participated in or encouraged the alleged misconduct. *See Monell v. Dep't of Soc. Servs. of New York,*

436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

■ The district court also properly dismissed Davis's claim that he was improperly prevented from wearing religious garb on a daily basis. Although inmates retain their First Amendment right to exercise their religion, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), an inmate's constitutional rights may be impinged by a prison regulation if the regulation is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *accord Spies v. Voinovich,* 173 F.3d 398, 403 (6th Cir.1999). Here, Davis acknowledged that the policy limiting the wearing of religious garb to religious holidays was imposed for security reasons, and thus the new policy is reasonably related to legitimate penological interests. Although Davis alleged that the policy permitting inmates to wear their religious garb on a daily basis was changed based on "racial profiling" of African–Americans, he did not present any support for this argument. Nor has he alleged that the new policy has been enforced only against Muslims or African–Americans.

■ The district court properly rejected Davis's claim that he was discriminated against with respect to prison jobs. First, a prisoner has no constitutional right to prison employment or a particular prison job. *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989). Second, Davis has not presented any specific details indicating that his failure to obtain certain prison jobs was based on either his race or his religious beliefs.

■ The district court properly dismissed Davis's claims concerning his personal property. A negligent or unintentional deprivation of property is not actionable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In cases involving an intentional deprivation of property, a plaintiff may not bring a § 1983 suit claiming a denial of procedural due process if adequate state remedies exist. *See Hudson v. Palmer,* 468 U.S. 517, 533–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to intentional property deprivations). Furthermore, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999). Here, Davis failed either to plead or prove that available state remedies (filing a claim with the Board of Claims or filing a common law action for conversion) were inadequate to redress his property deprivation.

■ The district court properly concluded that Davis could not pursue a claim for monetary damages against the state defendants as sued in their official capacities. A state and its officials are not considered persons for the purpose of a § 1983 claim when sued in their official capacity for monetary damages. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ The district court properly dismissed Davis's claim concerning his religious diet for lack of exhaustion of administrative remedies. *See Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Davis did not submit any documents showing that any of the grievances he submitted were pursued through the final stage of the grievance process prior to his filing the instant complaint on September 1, 2000. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). Moreover, in the absence of such documentation, Davis

failed to meet his burden of presenting any "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome. . . ." *See id.*

■ The district court properly dismissed Davis's religious discrimination claim as barred by the applicable one-year statute of limitations. Because § 1983 does not contain a specific statute of limitations provision, the court must look to Kentucky law to determine the timeliness of Davis's complaint. *See Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Kentucky's one year statute of limitations applies to civil rights claims arising in Kentucky. *See Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). Davis's allegations essentially challenge conduct that occurred while he was housed at KSP and GRCC, prior to his transfer to LLCC on August 3, 1999. Based on the nature of the defendants' alleged conduct (the denial of various services), Davis would have been aware of his cause of action at the time the conduct occurred. Hence, his cause of action accrued at that time. However, he did not file his complaint until September 1, 2000. Contrary to Davis's argument on appeal, he did not present any allegations concerning a continuing violation with respect to the religious discrimination in funding, programming and other services. While he generally alleged that the ecumenical fund "isn't being used in a fair and equal manner," he did not present any specific facts in support of the claim. Courts are not required to accept nonspecific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001). Hence, the district court properly dismissed this claim.

■ Finally, we conclude that Davis's retaliatory transfer claim was properly subject to dismissal. Although the district court did not specifically address this claim, this court has jurisdiction over this issue because the judgment dismissing the complaint should be construed as implicitly rejecting this claim. *See Ford Motor Co. v. Transport Indem. Co.,* 795 F.2d 538, 543 (6th Cir.1986). Davis did not state a claim for retaliatory transfer. There are three elements for a First Amendment retaliation claim. The plaintiff must show that: 1) he engaged in protected conduct; 2) the defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct; and 3) the defendants were motivated, at least in part, to take the adverse action because of the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Bare allegations of malice do not suffice to establish a constitutional claim. *Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Thaddeus–X,* 175 F.3d at 399. Davis was engaged in protected conduct when he filed his grievance, and he has shown that he was transferred on at least two occasions. However, Davis has not alleged any specific facts indicating that the transfers were motivated, even in part, by his protected conduct. Moreover, it is doubtful that three transfers over the course of Davis's time of incarceration is enough to constitute a deterrent effect.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.