NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0677n.06
Filed: August 8, 2005

No. 04-3972

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHANO BANGAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| JOHN E. POTTER, Postmaster General, et al., | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **NORTHERN DISTRICT OF OHIO** |
| | ) | |
| Defendant, | ) | |
| | ) | |
| FRED WESSOLEK, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges, and PHILLIPS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Shano Bangas brought suit against Fred Wessolek, claiming violations of Title VII, 42 U.S.C. § 2000e *et seq.* and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. The district court granted Wessolek's motion to dismiss with respect to both claims. Bangas now appeals.

For the following reasons, we affirm the decision of the district court.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

**I.**

Bangas is an employee of the United States Postal Service (USPS) and is stationed at the airport mail facility in Cleveland, Ohio. Wessolek was formerly a manager at the Cleveland facility. Harold Dennis was Bangas's supervisor and James Oblock was the Plant Manager.

According to Bangas's complaint, Wessolek subjected her to verbal and physical sexual harassment. Bangas contends in her complaint that Oblock and Dennis were aware of Wessolek's inappropriate behavior, but neither employee took any action to stop the harassment. On April 11, 2003, Bangas filed a complaint in the Northern District of Ohio against various individuals and organizations, including Wessolek. The complaint alleged sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and Ohio Revised Code § 4112.02[1] and intentional infliction of emotional distress in violation of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Through either voluntary dismissal or district court order, all defendants, including Bangas's employer, USPS, were dismissed from the case, leaving only Wessolek as a defendant.

Wessolek filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on or about January 16, 2004. Wessolek filed a motion to stay his deposition until the district court issued a decision on his motion to dismiss. The district court granted Wessolek's motion to stay the

---

[1] Although the complaint states that Bangas is seeking relief under not only Title VII but also under Ohio Revised Code § 4112.02 for her sexual harassment claim, the district court's order granting Wessolek's motion to dismiss states that Bangas was seeking relief only under Title VII. It does not appear that Bangas objects to this characterization of her claim, and she fails to mention Ohio Revised Code § 4112.02 in her brief on appeal. Her sexual harassment claim under state law is therefore waived. *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 478 (6th Cir. 2005).

deposition on January 22, 2004. On June 30, 2004, the district court granted Wessolek's motion to dismiss. Bangas filed a timely appeal from the district court's June 30, 2004 order on July 23, 2004.

**II.**

We review a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) *de novo*. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 885 (6th Cir. 1990). We treat all well-pleaded allegations contained in the complaint as true, and may affirm the district court's decision to grant the motion to dismiss only if it is beyond doubt that the plaintiff-appellant can prove no set of facts in support of her claim that would entitle her to relief. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001).

District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). We review a district court's decision to limit discovery for "an abuse of discretion resulting in substantial prejudice." *Id.*

The district court granted Wessolek's motion to dismiss based on a finding that: (1) Bangas had failed to exhaust her administrative remedies with respect to her Title VII claim, and her failure to do so was not excused under the doctrine of equitable tolling; (2) Bangas's claim of intentional infliction of emotional distress in violation of the FTCA was precluded due to the fact that Title VII provides the exclusive remedy for injury resulting from workplace injury absent "highly personal injury"; (3) even if Bangas could bring a claim for intentional infliction of emotional distress for her work-related injury, it would be proper only under the Federal Employee's Compensation Act (FECA) rather than the FTCA; and (4) even if Bangas could properly bring a FTCA claim, Bangas had failed to pursue the required administrative remedies prior to filing the instant lawsuit.

Although neither the parties nor the district court addressed this issue, we note at the outset that the only defendant remaining in this action is Wessolek, a former employee of the USPS, who is being sued in the instant action in his individual capacity. The law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an "employer," under Title VII. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). Because Wessolek is merely a former employee of the USPS, and cannot be considered Bangas's employer, he cannot be sued under Title VII. Even though the district court did not grant the motion to dismiss on this ground, affirming the district court's decision is nonetheless proper for this reason. *Russ'Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir. 1985) ("A decision below must be affirmed if correct for any reason, including a reason not considered by the lower court."). Furthermore, the district court was correct that the claim should be dismissed due to the fact that Bangas had failed to exhaust her administrative remedies, and exhaustion "is a necessary prerequisite to suit." *See Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984) Therefore, we affirm the district court's decision on this ground as well.[2]

Bangas next contends that the district court erred in finding that her intentional infliction of emotional distress claim under the FTCA was not cognizable. In essence, Bangas argues that her

---

[2]Because we find that Bangas's claim fails due to the fact that Wessolek cannot be held personally liable under Title VII as well as the fact that Bangas did not exhaust her administrative remedies, we need not address Bangas's meritless argument that she was excused from exhausting her administrative remedies before the Equal Employment Opportunity Commission based on the doctrine of equitable tolling and the continuing violation doctrine.

claim does not fall within the confines of either the FTCA or the FECA because the emotional distress she experienced was not within the scope of her employment. Therefore, Bangas argues, the claim is governed by state law. The principal problem with this argument is that Bangas failed to allege her intentional infliction of emotional distress claim as a state law claim in her complaint. Even on appeal, she fails to specify the state law which she believes governs her claim. As a result, Bangas may not allege an state law claim for intentional infliction of emotional distress on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993).

Although this issue was not addressed by the district court or either party, individuals may not be sued under the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(1); *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994). Thus, Bangas cannot bring a valid claim for intentional infliction of emotional distress under the FTCA against Wessolek. Furthermore, because the district court was correct that Bangas failed to exhaust her administrative remedies with respect to her FTCA claim as is required by 28 U.S.C. § 2675(a) in order for the court to exercise jurisdiction over the claim, *see Singleton v. United States*, 277 F.3d 864, 872-73 (6th Cir. 2002), the district court and this court lack jurisdiction over Bangas's FTCA claim.

Finally, Bangas asserts that the district court abused its discretion in granting Wessolek's motion to stay his deposition pending the outcome of his motion to dismiss. Bangas claims that she needed to depose Wessolek in order to determine whether her intentional infliction of emotional distress claim fell within the purview of the FTCA or the FECA and also whether she could properly invoke the continuing violation doctrine for purposes of the timeliness of the filing of an EEOC grievance.

Bangas cannot succeed on this claim. A motion to dismiss is not granted based on insufficiency of evidence or facts; rather, a motion to dismiss is granted only where, treating the allegations contained in the complaint as true, the plaintiff can prove no set of facts that would entitle her to relief. *Kostrzewa*, 247 F.3d at 638. Because any information developed in Wessolek's deposition would have no bearing on the allegations of Bangas's complaint, we affirm the district court's ruling on this issue.

**III.**

For the foregoing reasons, we affirm the district court's order granting Wessolek's motion to dismiss.