NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0728n.06

No. 11-2614

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 05, 2012*

LEONARD GREEN, Clerk

JERRY A. GROVE, )
)
    Plaintiff-Appellant, )
)
                           ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE EASTERN DISTRICT OF
GENE HANSEN AND SONS TRUCKING, ) MICHIGAN
)
    Defendant-Appellee. )

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Jerry A. Grove, a Michigan resident proceeding *pro se*, appeals the district court judgment dismissing his employment discrimination complaint filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and Title VII, 42 U.S.C. §§ 2000e–e-17.

Grove worked for Gene Hansen and Sons Trucking as a general laborer doing maintenance, cleaning work, physical labor, and other tasks. After his employment was terminated, he filed a civil rights complaint alleging that he was discriminated against because of his age. A magistrate judge ultimately recommended that summary judgment be granted to the defendant. Upon *de novo* review of the magistrate judge's report, the district court granted summary judgment to the defendant.

On appeal, Grove argues that the defendant misstated facts; that the court erred in not ordering the defendant to provide certain documents in discovery; that Grove was not part of a workforce reduction; and that the defendant discriminated against him on the basis of his age.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The district court's judgment is reviewed *de novo*. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476 (6th Cir. 2010). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

Grove alleges that the defendant discriminated against him on the basis of his age. To establish a *prima facie* claim under the ADEA, a plaintiff must show that he or she was: (1) a member of a protected class; (2) subjected to an adverse employment action; (3) qualified for the position; and (4) replaced by someone outside the protected class. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). Where an individual is terminated as part of a workforce reduction, the fourth prong requires that the plaintiff "provide additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Geiger v. Tower Auto.*, 579 F.3d 614, 622–23 (6th Cir. 2009) (citation and internal quotation marks omitted). "A plaintiff may establish a violation of the ADEA by either direct or circumstantial evidence." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to show that the plaintiff was terminated for a legitimate, nondiscriminatory reason. The plaintiff can then challenge that reason by showing that the defendant's proffered reason was actually a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *see also Geiger*, 579 F.3d at 622.

We conclude that, whether we assess Grove's termination under the workforce reduction analysis or as a general termination, his ADEA claim fails because Grove has not provided sufficient evidence supporting the fourth prong of his claim. Although he has repeatedly argued that he has a witness that can testify that younger workers were hired to replace him, he has never offered any significant information about that witness or provided the witness's testimony to the court. Further, although Grove claimed that other employees told him that his work was given to younger workers, he has not provided statements from those employees or described in any detail what their testimony would be. *Cf. Schoonmaker*, 595 F.3d at 265–67. Even if Grove had established a *prima facie* case,

the defendant provided unrefuted evidence demonstrating that Grove was fired for nondiscriminatory reasons. Grove has failed to introduce evidence establishing a genuine issue of material fact and the district court did not err in granting the defendant's motion for summary judgment on the existing record.

Similarly, Grove has not established that he was entitled to any additional discovery. We review decisions regarding the scope of discovery for an abuse of discretion. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Grove has not explained how the information he seeks would support his *prima facie* case or rebut the defendant's evidence of a nondiscriminatory motive. Further, he has not explained why the material that he was previously provided addressing the same topics was insufficient.

The district court's judgment is affirmed.