**Joseph E. MILLER, Plaintiff–Appellant,**

v.

**Robert R. MELNICK, Defendant–Appellee.**

No. 01–3109.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

Joseph E. Miller, a pro se Ohio litigant, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Miller sued an attorney (Robert R. Melnick) who rep-

resented him in an eviction action. Miller claimed that attorney Melnick failed to file an injunction and improperly withdrew from the case after Miller told counsel that he could no longer live in the apartment from which he was being evicted. Miller argued that his attorney's conduct deprived him of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

The district court determined that the action lacked an arguable basis in law and sua sponte dismissed Miller's complaint pursuant to 28 U.S.C. § 1915(e). The district court also certified that an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Miller has paid the appellate filing fee.

On appeal, Miller reasserts the claims that he set forth in the district court. Miller also moves the court for a deficiency judgment against attorney Melnick.

This court reviews de novo an order dismissing a suit as frivolous under § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327–28, 109 S.Ct. 1827; *Lawler*, 898 F.2d at 1199.

Miller's § 1983 claim against his privately retained attorney lacks an arguable ba-

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken- tucky, sitting by designation.

sis in law. In his complaint, Miller alleged that his attorney violated his constitutional rights by providing ineffective assistance during the state court eviction proceeding. In order to establish liability under § 1983, the plaintiff must show that the defendant deprived him of a federal right while acting under color of state law. *Hahn v. Star Bank,* 190 F.3d 708, 717 (6th Cir.1999). Private attorneys are not considered to be state actors for purposes of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

Accordingly, we hereby deny Miller's motion for a deficiency judgment and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.