774 F.2d 158
 Amy STEWART, individually and as next friend of Theresa
Michelle Stewart, Plaintiffs-Appellees,
v.
Guy CROSSON (84-5290), Laroy Furton; Nancy Furton;
Clifford L. Furton and Wannetta W. Furton
(84-5291), Defendants-Appellants.
 Nos. 84-5290, 84-5291.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 20, 1985.
Decided Oct. 8, 1985.
 
 William C. Moody, John L. Whitfiel (argued), Nashville, Tenn., John E. Acuff and Jere L. Hargrove, argued, Cookeville, Tenn., for defendant-appellant in No. 84-5290.
 John E. Acuff and Jere L. Hargrove, argued, Cookeville, Tenn., for defendants-appellants in No. 84-5291.
 William Bush, argued, Rural Legal Services of Tennessee, Inc., Cookeville, Tenn., and Lenny L. Croce, Oak Ridge, Tenn., for plaintiffs-appellees.
 Before MERRITT and MARTIN, Circuit Judges, and HOGAN,* Senior District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This attorney's fees case is a companion case to the housing discrimination action, Stewart v. Furton and Crosson, 774 F.2d 706 (6th Cir.1985) No. 83-5925, which we also decide today. On the merits in that companion case, the plaintiff alleged that both defendants had violated the Fair Housing Act, 18 U.S.C. Sec. 3604(c) and 42 U.S.C. Sec. 1982. The District Court found for plaintiff and awarded her extensive injunctive relief, but no damages. The Court did award plaintiff costs and attorney's fees, charging 80% against defendant Crosson and 20% against the Furtons.
 
 
 2
 Subsequently, plaintiff moved for an award of interim attorney's fees in an amount exceeding $12,000. The Court reduced the amount of fees by: (1) setting a lower hourly rate than that requested by plaintiff's attorneys; (2) adjusting for some duplication of effort by the two attorneys; (3) deducting certain periods of time he deemed unreasonable for the tasks performed; (4) deducting for work spent on an unsuccessful post-trial motion to alter or amend the judgment; and (5) denying a request to increase the fees based on a contingency factor. The Court then awarded fees in the amount of $7,954.05, and apportioned the fees in accordance with its earlier order.
 
 
 3
 The Furtons argue that the award of fees and costs against them is error since they were not found liable to plaintiff for damages. Our decision in Stewart v. Furton and Crosson, 774 F.2d 706, establishes that damages will lie against the Furtons; therefore, we reject their argument on attorney's fees and costs.
 
 
 4
 Crosson argues that no fees and costs should be awarded against him based on an alleged understanding between himself and plaintiff's attorneys that no judgment would be sought against him. The District Court made no finding of fact on any agreement, and we are precluded from doing that on review. The filing of a suit is sufficient notice to a defendant that, at the least, he or she may be liable for costs and attorney's fees. This is true regardless of whether the plaintiff's complaint expressly prays for damages against a particular defendant. Given the District Court's inherent discretion in awarding fees and costs, see Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir.1979), we cannot say that the assessment against Crosson was an abuse of discretion.
 
 
 5
 Because of our finding, however, that damages lie against the Furtons, we vacate the award of attorney's fees and remand for reconsideration of the fees to be awarded and the appropriate proportion of costs and fees between the defendants.
 
 
 
 *
 The Honorable Timothy S. Hogan, Judge of the United States District Court for the Southern District of Ohio, sitting by designation