**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0049n.06
Filed: January 22, 2007

No. 05-3207 AND 05-3485

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PREFERRED PROPERTIES, INC.,
    *Plaintiff-Appellee,*

    v.

INDIAN RIVER ESTATES, INC.
    AND
DUANE J. TILLIMON,
    *Defendants-Appellants*.

On Appeal from the
United States District Court for
the Northern District of Ohio,
Western Division

———————————————

Before: KENNEDY, MOORE, and COLE, Circuit Judges

**KENNEDY, J.** Defendants-Appellants Indian River Estates and Duane Tillimon (collectively hereinafter "defendants") seek review of the district court's orders (1) denying their motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b); (2) limiting discovery related to the 60(b) motion (Appeal No. 05-3485); and (3) granting Plaintiff-Appellee Preferred Properties, Inc. (hereinafter "plaintiff") attorney fees for expenses incurred in the first appeal before this court and in enforcing the judgment (Appeal No. 05-3207).[1] We AFFIRM the district court's orders in their entirety for the reasons explained below.[2]

---

[1] These two appeals pertain to common facts and proceedings, thus they have been consolidated for the purposes of the decision.

[2] Defendants' briefs raise several issues that are not properly before this court for various reasons, among them that the claims were not raised in defendants' notices of appeal. Therefore, we do not address them further.

**BACKGROUND**

The underlying dispute between the plaintiff and defendants arose over an option contract to purchase undeveloped residential property for the construction of rental housing for persons with disabilities. On March 2, 2000, a jury returned a verdict for Preferred Properties, finding that defendants had violated the Fair Housing Act and Ohio's Civil Rights Act, as well as breached the option contract. The district court denied defendants' motion for a new trial and for judgment as a matter of law, granting Preferred Properties's motion for a permanent injunction and specific performance. This court affirmed the district court's denial of defendant's motions for judgment as a matter of law and a new trial on the ground that the defendants did violate the Fair Housing Act. *Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790 (6th Cir. 2002). Additionally, this court affirmed the district court's grant of summary judgment on defendant's counterclaim. *Id.* Because defendants failed to comply with the district court's earlier orders, the district court ordered that the property at issue be vested in the name of Preferred Properties.

On September 20, 2004, defendants filed a Rule 60(b) motion for relief from the judgment, alleging that Preferred Properties committed fraud on the court. Defendants based this motion on allegations that Lewis Ellis, Preferred Properties's Executive Director, perjured himself when he testified at trial that funds were available for the purchase of defendants' properties. The district court denied this motion for relief from the judgment, finding that "[t]here is by no stretch of the legal imagination facts before the Court which could justify [the] conclusion" that the alleged perjury would constitute sufficient grounds for fraud on the court. The district court also issued an order awarding Preferred Properties legal fees and expenses.

2

In addition to the joint notice of appeal, defendants filed a 60(b) motion requesting that the district court vacate both its denial of defendants' prior 60(b) motion and its award of attorney fees and expenses to Preferred Properties. Defendants also moved for leave to take the deposition of a representative from the Department of Housing and Urban Development (hereinafter "HUD"). The district court denied both of these motions, and defendants now appeal these denials.

**ANALYSIS**

I.      First, defendants assert that the district judge erred in denying their 60(b) motion, which was based upon allegations of fraud upon the court. A denial of a 60(b) motion is reviewed for abuse of discretion. *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). An abuse of discretion exists only when this court has a "'definite and firm conviction that the trial court committed a clear error of judgment.'" *Id.* at 760 (quoting *Davis v. Jellico Comm. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990)). "Relief under 60(b), moreover, is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Id.* (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

In support of their motion, defendants point to statements that Lewis Ellis, a chief witness for Preferred Properties, made at trial to indicate that Preferred Properties already possessed the money from HUD necessary to purchase the lots. In actuality, HUD had approved funding for the project at issue but, according to the department's standard practice, would not make the funds available until after the purchase of the property to reimburse the recipient for the purchase price. Meanwhile, Preferred Properties asserts that Ellis's statements indicate an arrangement of private financing and allude to its anticipation of receipt of HUD moneys.

3

This court need not resolve this conflict to decide the case because, regardless, a motion based on fraud must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(3). In this case, although the jury returned its verdict on March 2, 2000, defendants failed to file a motion for relief from the judgment until September 20, 2004, far beyond the rule's explicit one-year bar.

Thus, defendants must fashion their argument as a claim of fraud on the court, which is not constrained by the one-year time limit. However, this, too, cannot succeed because an allegation of the perjury of a witness does not suffice to constitute "fraud upon the court." *H. K. Porter Co., v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976). Rather, "an officer of the court" must commit fraudulent conduct for a fraud-on-the-court claim to be legally cognizable. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1994).

As a result, the critical issue in this case is whether plaintiff's attorney at the time, Stephen Dane, knowingly made a false statement in the proceedings or knowingly suborned perjury, providing grounds for a claim for fraud on the court. The evidence that defendants have offered is not sufficient to prove that that is the case. Defendant Tillimon's Supplemental Reply to Plaintiff's Opposition to Defendants' 60(b) Motion, filed October 21, 2004, asserts that Dane made a false statement in his opening argument, indicating that Preferred Properties had the HUD money to purchase the lots in hand. However, this is insufficient to prove the fraud-on-the-court claim, as it does not provide evidence that these alleged false statements were made knowingly. Tillimon reiterates this assertion in his memorandum in support of his 60(b) motion, filed in January 2005, indicating that Dane made a false statement to the jury in his opening statement. That memorandum also states that Dane's admissions contained in Plaintiff's Objection to Defendants' 60(b) Motion

4

contradict what he told the jury, as the motion explains that Preferred Properties had to purchase the lots first and then request reimbursement from HUD.

Tillimon claims that he sought information from HUD as to whether plaintiff had the money to purchase the property after "hear[ing] Dane casually state that his client did not know where it was going to get the money to purchase the Defendant's property" in the course of his oral argument. However, it is unclear to which oral argument Tillimon is referring, and the timing of Dane's knowledge of the alleged unavailability of the funds is crucial to the fraud-on-the-court claim.

In other correspondence, Tillimon accuses Dane of suborning perjury but does not allege that Dane himself knowingly made false statements to the court. In a letter to the district court dated January 23, 2004, Tillimon asserted that Dane suborned Ellis's perjury when he failed to fulfill his obligation to notify the judge of Ellis's false statement. Tillimon's Reply to Plaintiff's Opposition to Defendants' 60(b) Motion also accuses Dane of "suborn[ing] perjury by not 'correcting statements he knew to be false' as required by law." In view of the dearth of evidence that any officer of the court knowingly engaged in wrongful conduct, the district court's denial of defendants' Rule 60(b) motion was not an abuse of discretion.

II.    Defendants also take issue with the district court's refusal to grant him leave to take the deposition of a HUD representative. This court reviews a district court's decision to limit discovery for "'an abuse of discretion resulting in substantial prejudice.'" *Doe*, 407 F.3d at 765 (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In *H. K. Porter Co.*, this court explained especial reasons to defer to the trial judge's refusal of a discovery request when the judge receives the request in conjunction with a 60(b) motion:

When two parties have opposed each other in a protracted lawsuit tried to judgment,

5

and the losing party's motion for relief under Rule 60(b) does not indicate to the Judge who presided at the trial that his Court has been victimized by the fraud of the winning party, it is well within his discretion to require the moving party to make a showing in support of its allegations before requiring the prevailing party to submit a second time to extensive discovery to protect his judgment.

536 F.2d at 1119. Here, the parties had some discovery and an evidentiary hearing, and defendants still failed to make a convincing showing that a fraud had been perpetrated upon the court. We cannot find error in the judge's decision to limit discovery in this way.

III.     Defendants also allege that the district court awarded excessive fees and expenses. The Fair Housing Act provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). Abuse of discretion is the standard for reviewing an award of attorney fees under the Fair Housing Act. *See Stewart v. Crosson*, 774 F.2d 158, 159 (6th Cir. 1985). In the present case, the district court, "[h]aving reviewed the hourly rates charged by attorneys, paralegals and others and the expenses," awarded Preferred Properties $82,489.98. The district court calculated that that amount would reimburse Preferred Properties for $25,000 in legal fees plus expenses of $1,983.35 related to defending the judgment on appeal, in addition to $50,000 in legal fees and $5,506.63 in expenses related to enforcing the judgment. The district court did not abuse its discretion in doing so.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's orders.

6