LEON JORDAN, District Judge.
Keefe Alsobrook, Jay A. Irvin, Jimmy Jenkins, and Herman Lewis (collectively “appellants” or “plaintiffs”) appeal pro se *2 from a jury verdict in favor of their employer, UPS Ground Freight, Inc. (“UPS”). For the reasons that follow, we AFFIRM the district court.
I.
Appellants filed their complaint in the district court by counsel, alleging that UPS subjected them to disparate treatment, retaliation, and a hostile work environment in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] In material part, appellants alleged that they were retaliated against through intimidation, increased responsibilities, and undesirable work assignments.
The district court granted in part and denied in part UPS’s summary judgment motion. Correctly citing the “reasonable employee would have found the challenged action materially adverse” standard of Burlington Northern & Santa Fe Railway v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), the district court relied on the affidavit of each plaintiff in finding a genuine issue of material fact precluding summary judgment on the retaliation claims.
Appellants were represented by counsel from the initiation of their suit through the conclusion of the ten-day jury trial. At trial, the district court granted in part and denied in part UPS’s motion for judgment as a matter of law. The case went to the jury on the retaliation and hostile work environment claims.
In contrast to the law correctly applied in its summary judgment ruling, the district court charged the jury in pertinent part that each plaintiff “must show that he suffered a materially adverse change in the terms or conditions of employment because of the employer’s actions.” This retaliation standard was specifically rejected by the Supreme Court in Burlington Northern. Post-Burlington Northern, a plaintiff now instead “must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.” Burlington N., 548 U.S. at 68, 70, 126 S.Ct. 2405 (citation and quotation omitted).
The jury returned a defense verdict on all claims. Following trial, the plaintiffs filed a timely notice of appeal pro se.
II.
Appellants have not provided us with a trial transcript. We have before us only the transcript of the charge conference and the jury instructions, as submitted by the appellee. While appellants argue that their “counsel informed The District Court that she wanted the new law [Burlington Northern ] applied,” that contention is wholly unsupported by the record. The available transcript instead makes clear that there was no objection made to the erroneous charge. Therefore, our review is for plain error. See Fed.R.Civ.P. 51(d)(2); Bath & Body Works v. Luzier Personalized Cosmetics, 76 F.3d 743, 750 (6th Cir.1996).
Plain error is a “very high standard,” Maday v. Public Libraries of Saginaw, 480 F.3d 815, 820 (6th Cir.2007), and our review is discretionary. See Fed. R. Civ. P 51(d)(2) (“A court may consider a plain error in the instructions that has not been preserved ....”) (emphasis added); Puck *3 ett v. United States, — U.S. -, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). “[W]e examine the proceedings in their entirety in the light of the proofs at trial, to determine whether the errors affected substantial rights.” Rush v. Ill. Cent. R.R., 399 F.3d 705, 715 (6th Cir.2005) (citation, quotation, and internal alteration omitted). Appellants bear the burden of establishing plain error. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); Fruge v. Penrod Drilling Co., 918 F.2d 1163, 1169 (5th Cir.1990) (“Plain error requires that plaintiff establish the challenged instruction was an incorrect statement of the law and was probably responsible for an incorrect verdict, leading to substantial injustice.”).
III.
The advisory committee notes to the 2003 amendments to Federal Rule of Civil Procedure 51 provide,
The court’s duty to give correct jury instructions in a civil action is shaped by at least four factors.
The factor most directly implied by a “plain” error rule is the obviousness of the mistake. The importance of the error is a second major factor. The costs of correcting an error reflect a third factor that is affected by a variety of circumstances. In a ease that seems close to the fundamental error line, account also may be taken of the impact a verdict may have on nonparties.
Fed.R.Civ.P. 51 advisory committee’s note (2003). The notes further suggest that the plain error standard is less likely to be met in civil cases than in criminal cases. Id. (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)) (“In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken.... ”).
In the present case, the error below was obvious. However, on the record before us we cannot determine the degree of importance of that error because without a trial transcript we cannot assess the strength of the plaintiffs’ proof. We presume that the plaintiffs offered some evidence on their retaliation claims. Otherwise the district court likely would not have denied the motion for judgment as a matter of law.
Nonetheless, we find very little insight as to the strength or focus of that proof. The plaintiffs presumably testified at trial, but we have no record of the content or credibility of that testimony. It is the appellants’ duty to provide us with those portions of the transcript which they deem necessary and relevant to their issues on appeal. See Fed. RApp. P. 10(b)(1)(A), (2). Similarly, while the plaintiffs supported their opposition to summary judgment with the affidavits of several coworkers, without a trial transcript we are left only to speculate whether any of those persons actually testified, and what the value of any such testimony might have been. We also note that during the charge conference, the district court described this case as “[cjertainly not the most egregious case we have had at all....”
In order for us to conclude that the erroneous charge impacted the appellants’ substantial rights, it is the appellants who “must demonstrate that it ‘affected the outcome of the district court proceedings.’ ” Puckett, 129 S.Ct. at 1429 (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770). This is not a case with a clear indication that the jury’s verdict was related to the challenged instruction. Cf. Reynolds v. Green, 184 F.3d 589, 595 (6th Cir.1999) (jurors asked questions directly relating to erroneous verdict form). The present ap *4 pellants’ “case is not so strong that we can say that had it not been for an erroneous instruction [they] would surely have prevailed at trial.” Mesman v. Crane Pro Servs., 512 F.3d 352, 357 (7th Cir.2008).
Additionally, “ ‘the costs of correcting an error’ ... is an important factor in this case.” Id. (quoting Fed.R.Civ.P. 51 advisory committee’s note (2003)). We are reluctant to require the district court to redo a two-week trial in this civil case because of a single error in the jury instructions. Considerable public resources have already been devoted to resolving this civil suit. We are also reluctant to require UPS, which proposed a correct Burlington Northern instruction to the district court, to defend another two-week trial.
The appellants have simply failed to meet their burden of demonstrating that the error below seriously affected the fairness, integrity, or public reputation of this judicial proceeding. We are mindful that filings by pro se litigants are entitled to a liberal construction. Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999). That “less stringent standard,” however, does not entitle pro se parties to succeed on the mere basis of conclusory allegations and futile claims. Id. On the appellate record before us, we decline to exercise our discretion to grant a plain error reversal.
IY.
Appellants’ remaining arguments warrant little discussion. Appellants ask us to “disbar” the district judge and they contend that, due to the strength of their evidence (which, again, they have not brought before us in the record on appeal) and the “incompetency” of their trial counsel, we should “review this case for all error.”
We do not review cases for “all error.” Rather, we consider only those issues properly and specifically brought before us, and all other issues are deemed waived. See Hollon v. Comm’r of Soc. Sec., 447 F.3d 477, 491 (6th Cir.2006); McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997) Further, “It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case.... Thus, litigants in a civil proceeding may not attack an adverse judgement on the grounds of ineffective assistance of counsel.... Instead, the appropriate remedy is a malpractice action against the attorney.” Adams v. Vidor, 12 Fed.Appx. 317, 319 (6th Cir.2001) (citations omitted). Lastly, this court does not address the “disbarment” of district judges.
Therefore, for the reasons provided herein, we AFFIRM the jury verdict below.

. The complaint was filed against appellants' then-current employer, Overnite Transportation Company ("Overnite”). Upon the parties’ subsequent joint motion, UPS was substituted as defendant following its acquisition of Overnite.