NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a304n.06

No. 10-6240

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
MAR 20, 2012
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| Samuel Whitson and Tina Whitson, next friends of L. W., | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Knox County Board of Education and Charles Lindsey, in his official capacity as Superintendent of Knox County Public School System, Cathy Summa, in her official capacity as Principal of Karns Elementary School | ) ) ) ) ) ) | O P I N I O N |
| Defendants-Appellees. | ) ) | |

BEFORE:    COOK, McKEAGUE, and ROTH,[*] Circuit Judges.

**McKeague, Circuit Judge.**   L.W., a minor represented by his parents in this action ("Plaintiff"), claims that his First Amendment right to Freedom of Speech was violated by a policy of the Knox County Board of Education because he got the impression from another fourth grader that he could not participate in a student-led Bible study during recess. The district court held a jury trial on Plaintiff's claims and Defendants prevailed. On appeal, Plaintiff brings several claims of error. Because any error on the part of the district court was harmless and did not prejudice the outcome of the trial, we affirm.

_____

[*]The Honorable Jane R. Roth, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

**I. BACKGROUND**

Plaintiff was a fourth-grade student who attended Karns Elementary School (KES), a school under the supervision of the Knox County Board of Education, Superintendent Charles Lindsey, and Principal Cathy Summa (collectively "Defendants"). During the 2004–2005 school year, Plaintiff began meeting with other fourth graders during recess to read and discuss the Bible. After a parent called Plaintiff's teacher, Virginia LaRue ("LaRue"), and complained about the meetings, LaRue instructed the leader of the meetings, a minor referred to as D.S., not to have the meeting that day. LaRue wanted Principal Cathy Summa ("Principal Summa") to determine whether the meetings were permissible. Principal Summa told LaRue that "organized Bible study" during recess was not permitted. LaRue then told D.S. that the Bible study had to stop. D.S. testified that, in a later conversation with D.S. and two other students, Principal Summa gave D.S. the impression that they could no longer have the Bible study during recess. LaRue testified that, despite this, students continued to read and discuss the Bible during recess. There was also testimony at trial that, after this suit was initiated, the Board of Education promulgated a policy stating that "students and employees can engage in expression of personal religious views or beliefs within the parameters of current law."

Following D.S.'s conversation with Principal Summa, D.S.'s father, the Reverend Chad Sparks ("Rev. Sparks"), met with Principal Summa to discuss why she stopped the Bible study. Rev. Sparks testified that Principal Summa told him she was worried about the separation of church and state, and that she was not sure what the School Board's policy was on having a Bible study. Plaintiff testified that he wanted to continue the Bible study but feared getting in trouble. But he also

testified that he did not know of any other students getting into trouble for reading the Bible during recess. Despite his interest in continuing the Bible study, Plaintiff did not talk to Principal Summa or any of his other teachers about the Bible study. Plaintiff's parents also did not discuss the Bible study stoppage with Principal Summa or any other school officials, although Plaintiff's mother tried to speak with Principal Summa on two occasions, but was told that Principal Summa was unavailable. Plaintiff's parents did not attempt to discuss the Bible study with the School Board or the Superintendent.

On May 9, 2005, Plaintiff sent a letter through his attorney addressed "Dear Sir or Madam" to the Superintendent and the School Board stating that the ban on the Bible study violated Plaintiff's constitutional rights, and asking the Board to change its policy. A few days later, the news media began reporting about the Bible study stoppage, allegedly mischaracterizing Principal Summa's actions. Then Principal Summa issued a letter to parents at KES on May 12, 2005, stating that she told students and a parent "that children could not have a Bible study class during the school day." The next day, the County issued a press release to manage the media blitz. The press release was approved by Superintendent Lindsey, the President of the School Board, and Principal Summa. The press release attributes the following quote to Principal Summa:

> I indicated to the students and the parents that I did not feel that an organized activity of this type was appropriate during the school day. . . . While we do not discourage students from reading at recess, I think that a daily planned activity that is stationary or physically static in nature defeats the real purpose of recess. The purpose is to give students an opportunity to have some physical activity during the school day.

Principal Summa testified that, at KES, recess is used to replace physical education on some days of the week because the school lacks the capacity to provide physical education class for every

student every day. Following the press release, a series of newspaper interviews quoted school officials stating that Board policy precluded children from reading Bibles and engaging in Bible studies during instructional time, such as recess, and instead stated that Bible reading should occur during free time, such as before or after school. The articles also quoted officials reiterating that the goal of recess is physical activity, which would be undermined by an organized daily Bible study.

On June 1, 2005, Plaintiff brought suit in the district court seeking injunctive and declaratory relief as well as unspecified damages against the Board, Superintendent Lindsey in his official capacity, and Principal Summa in both her individual and official capacities.[1] The Board, Lindsey, and Principal Summa (in her official capacity) filed an answer that did not demand a jury trial. Principal Summa filed a separate answer in her individual capacity asserting a counterclaim against Plaintiff for slander, and she demanded a jury trial. After completing discovery, the parties filed cross-motions for summary judgment. In her pleading, Principal Summa claimed the affirmative defense of qualified immunity. The district court denied all motions. Principal Summa filed a notice of appeal. On May 25, 2007, the parties filed a stipulation agreeing that Principal Summa acted in

---

[1]We note that Plaintiff's complaint does not appear to comport with Federal Rule of Civil Procedure 11(b). During trial, L.W.'s parents admitted they had no personal knowledge of Principal Summa interrupting recess Bible study, and that they had based their complaint on statements their son had told them—statements which the parents believed their son had heard from another fourth grader. The complaint should not have been filed based on such scant evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Even though the complaint was also supported by Defendants' statements during the media frenzy caused by Plaintiff's counsel's demand letter, counsel's actions fall markedly short of the decorum we expect from advocates. Although we decline to issue appellate sanctions because errors in the district court established a minimal basis for appeal, we would be remiss to ignore these abuses by Plaintiff's counsel.

her official capacity at all relevant times, and the case against her in her personal capacity was dismissed.

After the case returned to the district court for trial on Plaintiff's claim for prospective relief and nominal damages, it was set for jury trial, which Plaintiff disputed. The district court denied Plaintiff's motion for a bench trial. The court further denied Plaintiff's motion for reconsideration on this point, as well as Plaintiff's motion to designate the jury as advisory.

Trial took place on October 27–28, 2009. During the trial, Plaintiff filed three additional motions that are relevant to this appeal. First, Plaintiff filed a motion in limine to exclude testimony by Rev. Sparks regarding a conversation he had with Principal Summa after the media blitz had begun. Second, Plaintiff requested a jury instruction that Plaintiffs were not required to exhaust administrative remedies before filing a § 1983 claim. Upon conclusion of the trial, the jury returned a verdict that Defendants had not violated Plaintiff's constitutional rights. Finally, Plaintiff filed a motion for judgment notwithstanding the verdict and for a new trial. The district court denied all of these requests. This appeal followed.

## II. ANALYSIS

42 U.S.C. § 1983 provides a right of action against every "person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." Local governments are considered "persons" under § 1983 and may be sued for constitutional deprivations visited pursuant to a policy, practice, custom, or procedure. *Monell v. Dep't. of Social Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Likewise, an official may be sued in his or her official capacity for such a deprivation.

*Id.* at 690 n.55. The district court submitted to the jury factual issues as to (1) whether Defendants

deprived Plaintiff of his rights; and (2) if such deprivation occurred, whether it was done pursuant

to a policy, practice, custom, or procedure.[2] The jury found that Defendants did not deprive Plaintiff

of his rights, and so it did not need to decide the second issue regarding the existence of a policy,

practice, custom, or procedure. Although we conclude that the district court made some errors along

the way, we see no reason to disturb the jury's verdict.

## A.  Denial of Motions for Bench Trial or Advisory Jury

Plaintiff contends that the district court erred in choosing not to grant his motions for a bench

trial. The district court's decisions to deny Plaintiff's motions for a bench trial are reviewed for

abuse of discretion. *Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 711 (6th Cir.

1979). The Seventh Amendment preserves the right to a jury trial "[i]n Suits at common law, where

the value in controversy shall exceed twenty dollars . . . ." U.S. Const. amend. VII. The right is

---

[2]In sending these issues to the jury, the district court determined that, if Principal Summa prevented Plaintiff from organizing student Bible study during recess, that action would constitute a deprivation of Plaintiff's First Amendment rights. On appeal, neither party disputes this baseline determination.  Of course, the First Amendment protects student expression within schools. *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). Nonetheless, the law of this Circuit does not necessarily support the conclusion that preventing an elementary-age student from organizing student Bible study would violate his or her First Amendment rights. *Cf. M.A.L. v. Kinsland*, 543 F.3d 841, 846–47 (6th Cir. 2008) (finding a reasonable time, place, and manner restriction where a student was prevented from distributing literature about abortion in the hallways between classes but was allowed to post such literature on bulletin boards instead). In adjudicating the claims before us, we express no opinion as to the underlying constitutionality of a school's restriction on elementary student Bible study during recess. However, we take note that Plaintiff's counsel failed to acknowledge that he was asking the district court to extend existing law. *Cf.* Fed. R. Civ. P. 11(b)(2) (stating that an attorney signing a pleading certifies that the claims therein are supported by "a nonfrivolous argument for extending . . . existing law").

preserved only in suits where legal—as opposed to equitable—rights are adjudicated. *Chauffeurs, Teamsters & Helpers, Local 391 v. Terry*, 494 U.S. 558, 565 (1990). A party may demand a jury trial "[o]n any issue triable of right." Fed. R. Civ. P. 38(b). Once a demand for a jury trial of right is properly made, "the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a). But neither the Seventh Amendment, nor any other provision of the Constitution, preserves any right to a bench trial. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959).

Plaintiff initially sought compensatory damages in an amount to be determined by the court, which triggered Principal Summa's Seventh Amendment rights. *See* U.S. Const. amend. VII. But the right to a jury trial does not depend only on the initial pleadings. *See Hildebrand*, 607 F.2d at 709–10. When subsequent events leave only equitable issues to be resolved, the right to a jury trial does not exist and is not preserved by the Seventh Amendment or Federal Rule of Civil Procedure 38. *See id.*; *see also Wall v. Trust Co. of Ga.*, 946 F.2d 805, 809 (11th Cir. 1991) (holding that no right to a jury trial existed after one of the plaintiff's claims was dismissed, leaving only an equitable claim). So, the dismissal of Principal Summa's counterclaim and Plaintiff's removal of his prayer for compensatory damages eliminated Defendants' right to trial by jury.

In denying Plaintiff's motions for a bench trial or advisory jury, the district court reasoned that, because Principal Summa timely and properly demanded a jury trial in her answer, that demand could only be withdrawn with the consent of all parties pursuant to Federal Rule of Civil Procedure 38(d). Since Defendants objected to Plaintiff's motions for a bench trial, the trial court determined that Defendants had not consented, and the case had to be tried by a jury. But the official comments to Rule 38 make it clear that the Rule applies only to cases in which there is a Seventh Amendment

right to a jury. *See* Fed. R. Civ. P. 38 (comment) (stating that the Rule "provides for the preservation of the constitutional right of trial by jury"). It follows that the district court was incorrect in concluding that, without Defendants' consent, it did not have discretion to conduct a bench trial. Not only did the court have discretion to conduct a bench trial, that is what the court should have done.

Federal Rule of Civil Procedure 39(c)(2) provides: "In an action not triable of right by a jury, the court, on motion or on its own . . . may, *with the parties' consent*, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." Fed. R. Civ. P. 39(c)(2) (emphasis added). Because this action was "not triable of right by a jury" the court needed Plaintiff's consent to send the case to a jury; clearly the court lacked that consent. The court should have, at a minimum, granted Plaintiff's motion to limit the jury to an advisory role. *See* Fed. R. Civ. P. 39(c)(1) (stating: "In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury.").

Nonetheless, Plaintiff is entitled to a new trial only if he was prejudiced by the court's error. Generally, a non-constitutional trial error is harmless "unless it is more probable than not that the error materially affected the verdict." *United States v. Fountain*, 2 F.3d 656, 668 (6th Cir. 1993), overruled on other grounds as recognized in *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 717 (6th Cir. 1999). Plaintiff has no constitutional right to a bench trial. *Beacon Theatres, Inc.*, 359 U.S. at 510. To determine harmlessness, the Court examines "the entire record to see if the [alleged error] tended to prejudice the [party]." *United States v. Wiedyk*, 71 F.3d 602, 607 (6th Cir. 1995). Prejudice exists only where there is a substantial risk that the outcome of the trial was affected. *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 799 (6th Cir. 2007).

Plaintiff fails to explain why the trial judge was in any better position to determine the factual issues presented than the jury. Moreover, the record supplies no reason to believe that the outcome of this case would have been different if the case would have been tried in a bench trial. Therefore, we conclude that the error was harmless.

## B. Admission of Hearsay Evidence

Prior to trial, Plaintiff filed a motion in limine to prevent Rev. Sparks from testifying about his conversations with Principal Summa. Plaintiff contended that Sparks' testimony was "improper lay opinion, inadmissible hearsay, irrelevant, and prejudicial." The district court denied the motion in limine and instructed Plaintiff's counsel to object at trial, saying it would make "rulings at that time." At trial, Plaintiff's counsel objected to certain portions of Rev. Sparks' testimony, including his testimony about statements Principal Summa made to him regarding her understanding of the Bible study stoppage during their first conversation. The district court directed Rev. Sparks not to "say what somebody else said, unless it's a party." Plaintiff's counsel objected to that instruction, but the court stopped the objection, saying "Let's not get into all this legalism." Plaintiff did not renew his objection when the testimony turned to Principal Summa and Rev. Sparks' subsequent conversation. Rev. Sparks was allowed to testify that, during his subsequent conversation with Principal Summa, he realized that the whole situation had been a misunderstanding because Summa told him that she thought the students wanted to have a Bible study "class."

After trial, the district court issued an opinion stating that Rev. Sparks' testimony was properly admitted under Federal Rule of Evidence 801(d)(1)(B) because the declarant (Principal Summa) testified at trial and was subject to cross examination, the statements were consistent with

Principal Summa's testimony at trial, and her statements were offered to rebut a charge of recent fabrication.

Because Plaintiff failed to renew his objection to this testimony during trial, we review the decision for plain error. Fed. R. Evid. 103(d); *see also Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 820 (6th Cir. 2007). To establish plain error, Plaintiff must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (internal quotations and markings omitted). When all three conditions are met, the Court "may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotations and markings omitted).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A statement may be hearsay in one context but not in another, depending on the purpose for which it is offered. *See United States v. Pulley*, 922 F.2d 1283, 1288 (6th Cir. 1991). Defendants offered Rev. Sparks' testimony about Principal Summa's statements in order to corroborate Principal Summa's contention that she misunderstood the situation, believing that the students wanted a Bible study class, and was not acting pursuant to a policy against Bible study during recess. The district court determined that the purpose of her prior consistent statement was to rebut a charge of recent fabrication.

The district court reasoned that the testimony was excluded from the hearsay rule pursuant to Federal Rule of Evidence 801(d)(1)(B), which states:

> A statement that meets the following conditions is not hearsay. . . [t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying . . . .

Fed. R. Evid. 801(d)(1)(B). In addition to the four requirements stated in the rule, 801(d)(1)(B) also carries with it the common-law requirement that the prior consistent statement was made *before* the improper motive arose. *Tome v. United States*, 513 U.S. 150, 156 (1995). A district court must determine when the improper motive arose. *Cox v. Treadway*, 75 F.3d 230, 239 (6th Cir. 1996). A district court's failure to make this determination constitutes error. *United States v. Larkins*, 261 F. App'x 854, 856 (6th Cir. 2008).

The district court never stated any finding about when Principal Summa's motive to fabricate arose. The court listed all of the requirements set out in 801(d)(1)(B), but failed to mention the pre-motive requirement, indicating that it was overlooked. This constitutes error. *See Larkins*, 261 F. App'x at 856.

Had the district court made this determination, it likely would have found that Principal Summa's motive to fabricate arose before she made the challenged statements to Rev. Sparks. By the time Principal Summa made these statements, she had already received a letter from Plaintiff's counsel containing allegations that Principal Summa had stopped a Bible discussion among students at recess. She had also already sent out a letter to the parents of students at KES stating that the allegations made against her in the media were false. Because Principal Summa's statements were made after her motive to fabricate arose, Rev. Sparks' testimony repeating those statements was

inadmissible hearsay. As a result, those statements should have been excluded. *See Tome*, 513 U.S. at 156.

But this mistake will not constitute plain error if it did not affect substantial rights. *See* Fed. R. Evid. 103(d). Such is the case here. Defendants submitted Principal Summa's statements about a misunderstanding as evidence that there was not a policy, practice, custom, or procedure that caused the Bible study stoppage. But the jury rendered a verdict that Defendants did not violate Plaintiff's constitutional rights (i.e. trial issue one). That verdict was dispositive. So, the jury did not need to consider whether the alleged actions were taken pursuant to a policy, practice, custom, or procedure (i.e. trial issue two). Therefore, the erroneously admitted hearsay testimony had no effect on the outcome of the trial, and so it was harmless.

## C. Denial of Jury Instruction on Exhaustion of Administrative Remedies

Plaintiff also contests the district court's denial of his request for a jury instruction that he was not required to exhaust administrative remedies prior to filing suit. The refusal to give a specifically requested jury instruction is reviewed for abuse of discretion. *Micrel v. TRW, Inc.*, 486 F.3d 866, 881 (6th Cir. 2007). Such a refusal will result in reversible error if the jury instructions, taken in their entirety, "were confusing, misleading, or prejudicial." *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (internal citation omitted).

The jury heard evidence that Plaintiff had not pursued administrative remedies. For example, Plaintiff points out that, on cross examination of Plaintiff's mother, Defendants elicited testimony that, although she discussed previous issues involving her other children with school administrators, she tried to talk to Principal Summa only twice and failed to express the importance of this particular

matter to Principal Summa. Defendants also prompted Plaintiff's father to testify that he made no effort to discuss the issue with any School Board officials before talking to the media and suing. During closing arguments, Defendants also stressed the fact that Plaintiff took the case to the media and sued without going to any school officials and discussing the issue with them.

But none of this testimony gave the jury any indication that Plaintiff was required to exhaust administrative remedies before suing. Even if the jury could have inferred that Plaintiff failed to pursue necessary administrative remedies, the jury instructions as a whole were not "confusing, misleading, or prejudicial." *Hisrich*, 226 F.3d at 449. This is because the jury instructions unequivocally stated: "If you find that Knox County Board of Education maintained an officially executed policy or tolerated a custom within the school district that [led] to, caused, or resulted in the deprivation of L.W.'s Constitutionally protected rights, then *you must find in favor of the plaintiffs*." Here, the word "must" overcomes any possible misunderstanding the jury could have had about administrative remedies. Thus, we find no error.

## D. Denial of Judgment as a Matter of Law or a New Trial

We review a district court's denial of a motion for judgment as a matter of law de novo. *United States v. Alpine Indus., Inc.*, 352 F.3d 1017, 1022 (6th Cir. 2003). "In doing so, we use the same standard of review used by the district court." *Id.* That is, judgment as a matter of law "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001).

The district court denied Plaintiff's motion for judgment as a matter of law because it found that the jury's verdict that Plaintiff's constitutional rights had not been violated was supported by the record. The court reasoned that, because "testimony at trial established that during recess, children were free to engage in any activity they desired on the playground," the jury could reasonably determine that no constitutional violation had taken place. Without a constitutional violation, the evidence regarding Defendants' policies was inapposite.

Plaintiff contends that "the district court confused permission with policy." But Plaintiff is mistaken. The existence of a policy, practice, custom, or procedure allows a municipal entity to be sued under § 1983. *Monell*, 436 U.S. at 690. But without an actual deprivation of constitutional rights, there is no § 1983 cause of action to begin with. *See* 42 U.S.C. § 1983. So, assuming without deciding that children have a constitutional right to conduct student-led Bible study during recess, there must have been a deprivation of that right to create a cause of action. If there was such a cause of action, then Defendants could only be held liable under § 1983 if the deprivation occurred pursuant to a policy, practice, custom, or procedure. *See Monell*, 436 U.S. at 690. Without a deprivation, policy does not matter. So here, permission was not confused with policy; rather, the jury found that permission meant there was no deprivation, and thus, no cause of action.

There was ample evidence on the record that students were continuing to read and discuss the Bible during recess, and that they were allowed to do so, which likely prompted the jury to find that Plaintiff's constitutional rights had not been violated. Therefore, there was a factual issue for the jury, and judgment as a matter of law would have been inappropriate. Likewise, due to all of this testimony on the record, it is inaccurate for Plaintiff to characterize the jury's verdict as "against the

clear weight of the evidence." *See, e.g.*, *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993). Thus, a new trial is unwarranted.

### III. CONCLUSION

Accordingly, we AFFIRM the order of the district court.