NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0197n.06

No. 13-1276

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 13, 2014
DEBORAH S. HUNT, Clerk

PAOLO BRONZINO,                               )
                                              )
        Plaintiff-Appellant,                  )
                                              )
                                              )
v.                                            )       ON APPEAL FROM THE
                                              )       UNITED STATES DISTRICT
                                              )       COURT FOR THE
CLINTON TOWNSHIP POLICE SERGEANT              )       EASTERN DISTRICT OF
DUNN,                                         )       MICHIGAN
                                              )
        Defendant-Appellee.                   )
                                              )

BEFORE: GUY, GIBBONS, ROGERS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** This appeal concerns the use of plaintiff-appellant Paolo Bronzino's criminal history during the trial of his claim that defendant-appellee Sergeant (now Lieutenant) David Dunn violated his constitutional rights while Dunn effectuated his arrest. Bronzino moved *in limine* to exclude his criminal history. The district court denied the motion, ruling that Bronzino's criminal history was admissible to show Dunn's state of mind while arresting Bronzino. During trial, Dunn referred to Bronzino's criminal history several times. The jury returned a verdict against Bronzino. Bronzino appeals both the judgment and the district court's order denying his motion *in limine*. We affirm.

I.

Bronzino brought an action under 42 U.S.C. § 1983 against Dunn, Detectives Steven Blasky, Matthew Gerling and Todd Penick, and Lieutenant Craig Kieth, alleging that they used excessive force in executing his arrest for delivery of analogues (sometimes called "designer

drugs"). The district court granted summary judgment to all defendants but Dunn. As to Dunn, the district court held that there was a question of fact concerning whether Dunn used excessive force in arresting Bronzino, and that this question precluded Dunn's qualified immunity defense.

Bronzino, nineteen at the time of the events in question, filed a motion *in limine* to exclude the introduction of his criminal record at trial. The convictions at issue, including an arrest for felony robbery for which Bronzino pled guilty to aggravated assault, occurred while Bronzino was a minor. Bronzino argued that his criminal history was not relevant under Federal Rule of Evidence 402, was inadmissible character evidence under Rule 404(b)(1), was barred by Rule 609(d) because it concerned a juvenile conviction, and was barred by Rule 403. Dunn responded that, because he had reviewed Bronzino's criminal history before making the arrest, the evidence was relevant to his state of mind and to the reasonableness of the force used. After hearing argument, the district court denied Bronzino's motion *in limine*. The district court explained that "there's demonstrated probative value to the . . . [criminal] history and the state of mind then of the officer effectuating the arrest pursuant to the arrest warrant, and that evidence may be advanced for that purpose."

The case proceeded to trial. In Dunn's opening argument, his lawyer referred to the prior felony arrest:

> The warrant is issued [for Bronzino's arrest on the drug charges] and given to the township police officers, and before these police officers execute the warrant they do a little bit of background like any police agency would do. Let's find out who these folks are that we're going to go in and arrest a gentleman by the name of Mr. Paolo Bronzino. They find out, felony armed robbery. Felony armed robbery. Dangerous. Drug dealer. Arrested for it. This is not a good man. He has a criminal record. . . . The officers do the background and find out the dangerous nature of Mr. Bronzino.

Bronzino offered no objection. In discussing Bronzino's doctor's report that Bronzino was unable to work as a result of the arrest, Dunn asserted: "You have to look at the credibility of

Mr. Bronzino. He doesn't reveal the truth to his doctors. He's a harden[ed] criminal. Let's face it. He's an armed robber[]. He's a drug dealer." Again, Bronzino did not object.

Dunn testified that prior to making the arrest the officers read Bronzino's criminal history, which listed both his prior arrests and convictions. The document setting forth Bronzino's criminal history was admitted into evidence in connection with Bronzino's cross-examination. In closing, Bronzino's counsel confronted the armed robbery arrest: "We heard throughout this trial about a felony armed robbery. That never happened. Mr. Bronzino took the stand and explained to each one of you that this was a high school incident involving two 16 year olds that fought over $2.00." In closing, Dunn's counsel responded: "He minimizes those allegations. As you heard the officers testify, there's a charge of felony armed robbery. That's the charge. The prosecutor prosecuted him for felony unarmed, and what did he plead to? Aggravated assault. A violent crime. Not just simple assault, but aggravated assault." Bronzino offered no objection. The jury returned a verdict in favor of Dunn.

## II.

On appeal, Bronzino argues that Dunn's use of his criminal history at trial violated Federal Rules of Evidence 402, 403, 404 and 609. We first consider Bronzino's relevance challenge and then turn to his other arguments. "We review the district court's admission or exclusion of evidence for an abuse of discretion." *United States v. Ganier*, 468 F.3d 920, 925 (6th Cir. 2006).

## A.

Bronzino contends that his criminal record was not relevant and therefore inadmissible under Rule 402. "To determine whether a constitutional violation based on excessive force has occurred, this Court applies 'the objective-reasonableness standard, which depends on the facts

and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight.'" *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010) (quoting *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007)). One relevant consideration is the extent of the immediate threat posed by the defendant in light of the totality of the circumstances confronting the officer. *See Grawey v. Drury*, 567 F.3d 302, 310 (6th Cir. 2009). The record clearly establishes that Dunn was aware of Bronzino's criminal history before making the arrest. Bronzino's prior offenses were relevant to the officers' determination of how much force would be necessary to subdue Bronzino. Accordingly, the district court did not abuse its discretion in concluding that Bronzino's criminal history was relevant to Dunn's state of mind in making the arrest.

B.

We turn to Bronzino's challenges under Rules 403, 404, and 609. Under Rule 403, the court may exclude evidence if its probative value is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Under Rule 404(b)(1), "[e]vidence of a crime . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). To determine admissibility under 404(b), the district court must determine: (1) whether there is sufficient evidence that the "other acts" took place; (2) whether those "other acts" are admissible for a proper purpose under Rule 404(b); and (3) whether the "other acts" evidence is more prejudicial than probative. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)). Rule 609 governs the admissibility of evidence of criminal convictions for the purpose of attacking a witness's character for truthfulness. *See* Fed. R. Evid. 609; *id.* advisory committee's notes to 1990 amendment.

In its order denying the motion *in limine*, the district court conditioned the admissibility of Bronzino's criminal history on the purpose of demonstrating the officers' states of mind. Bronzino makes three arguments on appeal: that his record of arrest was used as straightforward character evidence in violation of Rule 404(b)(1), that his record was used as evidence of bad character for truthfulness in violation of Rule 609, and that the introduction of his record was substantially more prejudicial than probative. But Bronzino did not make these objections at trial. This raises a question of appealability.

To preserve a claim of error in the admission or exclusion of evidence a party must "timlely object[]." Fed. R. Evid. 103(a)(1)(A). But "[o]nce the court rules definitely on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(b). We have addressed "[t]he question of whether a party who has raised an evidentiary issue by motion *in limine* and lost must again object at trial in order to preserve appeal on the issue." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "'If the trial court has made an explicit and definitive ruling on the record of the evidentiary issues to be decided, and has not indicated that the ruling is conditioned upon any other circumstances or evidence, then counsel need not renew the objection at the time the evidence is offered . . . in order to preserve the error for appeal.'" *United States v. Poulsen*, 655 F.3d 492, 510 (6th Cir. 2011) (quoting *Brawner*, 173 F.3d at 970). "'However, if the court's ruling is in any way qualified or conditional, the burden is on counsel to raise objection to preserve error.'" *Id*. (quoting *Brawner*, 173 F.3d at 970); *see also* Fed. R. Evid. 103, advisory committee's notes ("[I]f the opposing party violates the terms of the initial ruling, objection must be made when the evidence is offered to preserve the claim of error for appeal. The error, if any, in such a situation occurs only when the evidence is offered and admitted."); *United States v.*

*Johnson*, 25 F. App'x 231, 239 (6th Cir. 2001). Because Bronzino failed to raise these objections at trial, our review is for plain error. *See Whitson v. Knox Cnty. Bd. of Educ.*, 468 F. App'x 532, 539 (6th Cir. 2012) ("Because Plaintiff failed to renew his objection to this testimony during trial, we review the decision for plain error." (citing Fed. R. Evid. 103(d))); *see also Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 820 (6th Cir. 2007); *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 n.7 (6th Cir. 2002).

Relatedly, Bronzino now emphasizes that "[t]here was no limiting instruction given by the Court at any time during trial regarding Plaintiff's criminal record." Again, Bronzino's counsel failed to request at trial a limiting instruction pursuant to Rule 105. Thus, any argument that the district court failed to offer *sua sponte* a limiting instruction is also reviewed for plain error. *Maday*, 480 F.3d at 820; *see also* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

To establish plain error, Bronzino must show that there is "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Whitson*, 468 F. App'x at 539 (quoting *Johnson v. United States,* 520 U.S. 461, 466–67 (1997)). When all three conditions are met, we "'may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Johnston*, 529 U.S. at 467). This court has stated:

> A court's power to review a claim of error under the plain error doctrine is discretionary and "should be exercised only in those situations in which the failure to do so would result in a manifest miscarriage of justice." The Supreme Court has noted that the plain error exception to the contemporaneous objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."

*Bldg. Serv. Local 47 Cleaning Contractor Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1397 (6th Cir. 1995) (quoting *Finch v. Monumental Life Ins. Co.*, 820 F.2d 1426, 1432 (6th Cir. 1987)); *see also Maday*, 480 F.3d at 820 (observing that plain error is a "very high standard"); *cf. Alsobrook v. UPS Ground Freight, Inc.*, 352 F. App'x 1, 3 (6th Cir. 2009) (noting that the advisory committee's notes to Federal Rule of Civil Procedure 51 "suggest that the plain error standard is less likely to be met in civil cases than in criminal cases").

The district court did not plainly err by not concluding *sua sponte* that the use of Bronzino's criminal history was improper, in violation of Rules 404(b) or 609, or was substantially more prejudicial than probative, in violation of Rule 403. Bronzino points to two statements in Dunn's opening arguments and one statement in Dunn's closing argument as potential error in connection with admitting the evidence for an improper purpose. First, after introducing Bronzino's criminal record and the officers' knowledge thereof, Dunn's counsel stated:

> This is not a good man. He has a criminal record. He has no real source of income. Tenth grade dropout. He said that he worked for somebody. He says he worked for somebody, but didn't file income tax for seven years. The officers do the background and find out the dangerous nature of Mr. Bronzino.

Second, when discussing Bronzino's alleged medical condition, Dunn's counsel stated:

> You have to look at the credibility of Mr. Bronzino. He doesn't reveal the truth to his doctors. He's a harden[ed] criminal. Let's face it. He's an armed robber[]. He's a drug dealer. The facts show – the evidence will show that he has not learned his lesson. He's still dealing drugs.

Each of these statements adverts to character evidence and suggests propensity reasoning. The latter statement specifically invokes Bronzino's criminal history to show a bad character for truthfulness. These two statements do not render the admission of the evidence plain error, however. Bronzino has not alerted this court to any substantial right implicated by either of

these statements. When viewed alongside the whole of the testimony and evidence at trial, these two statements do not render the judgment a "manifest miscarriage of justice." *Grandview Raceway*, 46 F.3d at 1397.

Nor was the admission of the evidence rendered plain error by a lack of a specific limiting instruction as to the proper use of Bronzino's criminal history. In instructing the jury as to excessive force, the district court explained that the inquiry into the reasonableness of an officer's use of force is objective and that the officers' actions must be objectively reasonable in light of the facts and circumstances confronting them. Specifically, the district court instructed the jury that it may consider: the need for the application of force, the relationship between the need and the amount of forced used, and the threat reasonably perceived by the responsible officials. Again, Bronzino has not alerted this court to any substantial right implicated by the district court's omission of a specific limiting instruction regarding his criminal history, nor do the district court's jury instructions as given render the judgment a "manifest miscarriage of justice." *Id.*

### III.

For the foregoing reasons, we affirm the district court's order denying Bronzino's motion *in limine* and decline to disturb the jury's verdict